

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. CR-1-02-054-2 |
| | : | |
| | : | HONORABLE SUSAN J. DLOTT |
| vs. | : | |
| | : | |
| | : | GOVERNMENT'S RESPONSE TO |
| TYREESE DORRAN PUGH | : | DEMAND FOR DISCOVERY AND BILL |
| | : | OF PARTICULARS |
| | : | |

\* \* \* \* \* \*

Comes now the United States of America, by and through counsel, Assistant United States Attorney Wende C. Cross, and for its response to defendant's Demand for Discovery and Bill of Particulars, states as follows:

On June 26, 2002, defendant Tyreese Dorran Pugh filed a pleading styled "Demand for Discovery and Bill of Particulars." The United States received said pleading on Monday, July 1, 2002.[1] Thus, it is submitted that this response is timely filed.

A. **Demand For Discovery**

   1.   **Discovery**

Defendant Tyreese Pugh has received all of the discovery to which he is entitled. Under Federal Rule of Criminal Procedure 16, the government must: (1) disclose to the defendant statements of the defendant (with qualifications not pertinent here); (2) provide the defendant with his prior criminal record; (3) make available for inspection documents

---

[1] Said pleading was date & time stamped in the United States Attorney's office as June 31, 2002, at 3:08 p.m. Since June 30, 2002, was a Sunday, it is surmised that the pleading was received on the next business day, which was Monday, July 1, 2002.

1

and tangible objects within the custody and control of the government that are (a) material to the preparation of the defendant's defense, (b) intended for use in the government's case-in-chief, or (c) obtained from or belong to the defendant, (4) make available any reports of examinations or tests (not pertinent here), and (5) disclose to the defendant a written summary of any expert testimony that the government intends to use in its case-in-chief. In this case, the government has complied with each of these obligations.

First, on June 3, 2002, a discovery conference was held in this matter. At that time, the undersigned provided discovery in this matter to appointed counsel, W. Kelly Johnson, and J. Robert Andrews (counsel for Walter Pugh, Jr.). Mr. Johnson subsequently moved to withdraw from this matter on June 12, 2002, and on June 14, 2002, the Court issued an Order appointing Edward Felson as counsel for Tyreese Pugh.

Immediately after Mr. Felson's appointment, the government contacted him to schedule a discovery conference. On June 24, 2002, the undersigned, along with the case agents, met with Mr. Felson and provided him discovery. Specifically, the government provided Mr. Felson with the statements of Tyreese Pugh (none) and his prior record (documented in the pretrial services report). In addition, Mr. Felson was shown a videotape of the bank robbery and pictures of most of the physical evidence in this case. Moreover, at that time, the government extended an invitation to Mr. Felson to personally examine each item of physical evidence, which is being held at the Hamilton Police Department. To date, he has not responded to this offer.

Furthermore, there are no "results or reports of physical or mental examinations" or "of scientific tests or experiments." Rule 16(a)(1)(D). Finally, on July 2, 2002, the United States received and provided the report of Special Agent Gwen Gregory of the Bureau of

Alcohol, Tobacco and Firearms, who will testify regarding her determination of the interstate nexus of the gun listed in Count 5 of the indictment. At this point, Tyreese Pugh had received all of the discovery to which he was entitled.

In an effort to open plea negotiations, however, the government offered Mr. Felson a second chance not only to view the evidence, but also to understand exactly how the evidence was going to be used at trial. Thus, on June 27, 2002, the undersigned and co-counsel, Assistant United States Attorney Amul Thapar, explained fully and in great detail the government's case-in-chief. This preview included showing counsel the government's Exhibit List and Exhibit Notebook. To accommodate Mr. Felson, the undersigned mailed him a copy of the Exhibit List and the contents of the government's Exhibit Notebook on July 2, 2002. Obviously, none of this is required by the discovery rules.

Finally, the government has provided defense counsel with all *Brady* evidence of which it is currently aware. The government recognizes its continuing obligations under Brady and Rule 16 and fully intends to comply with them.

In short, the United States has gone way beyond the mandates of Rule 16 in this matter, and thus, Tyreece Pugh's motion should be denied.

**2.    Witness Lists and the Like**

Defendant Tyreese Pugh also requests discovery of things simply not required under either Rule 16 or the United States Constitution. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case."). For example, he requests the government provide "witness names and addresses" and their "statements." The Sixth Circuit, however, "has firmly established that defense

counsel is not entitled to know in advance of trial who will testify for the government." United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984). And, the defendant is simply not entitled to a witness's statement prior to trial; "no statement or report in the possession of the United States which was made by a Government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a) (emphasis added). See also United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). Indeed, the Sixth Circuit has stated that not even Brady changes this requirement: "evidence properly disclosed after testimony at trial pursuant to Jencks Act cannot be subject to earlier disclosure under Brady." United States v. Bencs, 28 F.3d 555, 561 (6th Cir. 1994). In conclusion, Defendant Tyreese Pugh has received all of the discovery to which he is entitled at this time.

## B. Request for Bill of Particulars

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires the indictment or information to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." It must set out each element of the statutory violation in order to sufficiently inform the defendant of the offense against which he must defend. United States v. Salisbury, 983 F.2d 1369, 1373 (6th Cir. 1993). An indictment which tracks the statutory language is usually sufficient. Hamling v. United States, 418 U.S. 87, 117 (1974). Indeed, it is well established that when the indictment sets forth the elements of the offense charged and sufficiently apprizes the defendant of the charges to enable him to prepare for trial, a bill of particulars should not issue. See United States v. Kendall, 665

F.2d 126, 134 (6th Cir. 1981); United States v. Azad, 809 F.2d 291, 296 (6th Cir. 1986); United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

In this case, the indictment satisfies the requirements of Rule 7(c)(1). The indictment is drafted in statutory language, identifies the statutes alleged to have been violated, and sets forth the dates and locations of the crimes charged. This alone justifies denial of the defendant's motion.

Again, however, the government went beyond what was required by the rules. As discussed above, the government met with defense counsel and provided not only a summary of the government's case, but a roadmap as to how the government was going to prove its case. Obviously, this provided the defendants with sufficient detail as to the particulars of the charged offenses. Consequently, the defendant's request for a bill of particulars should be denied.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

*Wende C. Cross*
WENDE C. CROSS (0061531)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

5

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed on this 10th day of July, 2002, to Edward J. Felson, 36 East Seventh Street, Suite 1650, Cincinnati, Ohio 45202.

*Wende C. Cross*
WENDE C. CROSS (0061531)
Assistant United States Attorney