UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: CR-1-02-054 |
| Plaintiff, | : | Judge Bunning |
| vs. | : | **PRE-TRIAL MEMORANDUM OF TYREESE D. PUGH** |
| **WALTER M. PUGH** | : | |
| and | : | |
| **TYREESE D. PUGH** | : | |

Defendant, Tyreese Pugh, through counsel, submits the following Pretrial Memorandum.

**I.    Statute and Elements of the Offense**

Tyreese Pugh accepts the Governments recitation of the statutes and the elements of the offenses contained in the indictment.

**II.   Statement of the Case:**

Tyreese Pugh accepts the Government's statement of the case.

**III.  Statement of Facts:**

Tyreese Pugh disputes all factual allegations made by the government with the exception of the circumstances of his arrest and he is Walter Pugh's son.

**IV.   Substantive Issue of Law with Citation of Authorities:**

Tyreese Pugh is unaware of any outstanding substantive issues of law.

**V.    Evidentiary Issues:**

A.    Tyreese Pugh is unwilling to stipulate to the admission of any evidence proffered by the Government.

B.    With his conviction in Count 5 being affirmed, Tyreese objects to the admission

      of any evidence regarding ammunition or firearms recovered during his arrest for several reasons. Based upon prior testimony, no witness can identify these items as used in the robbery. In addition, the items were recovered at the home of an individual not a party to this case. With the Sixth Circuits affirmation of Tyreese' conviction in count 5, any of this evidence is irrelevant.

  C.    Tyreese Pugh objects to any reference to a "confidential informant." Defense investigation reveals the Hamilton Police Department - H.P.D., did not follow department policy governing the handling of confidential informants as to any witness in this case. H.P.D., by the terms of H.P.D. policy, never identify, classify, or list any witness in this case as a confidential informant. To characterize any witness in this case as a *confidential informant* is an attempt to vouch for the credibility of the witness by cloaking them with a status which is misleading and inaccurate.

## VI.   Other Trial Problems:

It is counsels understanding the U.S. Marshals Service plans to place an electric stun-belt on both Walter and Tyreese while in Court. There is no basis for the use of this device. It is counsels understanding there have been no disciplinary or security problems which would justify the use of a stun belt.

## VII.   Proposed Voir Dire:

Tyreese has previously filed a proposed jury questionnaire with the Court. It is counsels' understanding the Court has selected some of the issues and topics presented in the questionnaire, and plans to question the panel on those items during the Court's voir dire. Not knowing which of the issues in the questionnaire the Court will address, Tyreese, at this time, has no additional requests.

Tyreese Pugh joins the objection of Walter Pugh to any questions submitted by the Government referring to a *confidential informant,* since there is not a confidential informant in the case.

## VIII.   Jury Instructions

It is the understanding of Tyreese Pugh and counsel the Court intends to use the jury instructions used by Judge Dlott during the first trial. Tyreese Pugh has no objection to these use of these instructions.

        Respectfully submitted,

        *S/ Ravert J. Clark*
        Ravert J. Clark
        Attorney for Tyreese Pugh
        114 East 8th Street
        Suite 400
        Cincinnati, Ohio 45202
        513-587-2887

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing Pre-Trial Memorandum was served this 7th day of November, 2005, electronically on: Assistant United States Attorneys Amul Thapar and Anthony Springer and William R. Gallagher, counsel for Defendant Walter M. Pugh.

        *S/ Ravert J. Clark*
        Ravert J. Clark
        Attorney for Tyreese Pugh
        114 East 8th Street
        Suite 400
        Cincinnati, Ohio 45202
        (513) 587-2887