UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | Case No. 1:02-CR-0054 |
| Plaintiff, | : | Judge Bunning |
| vs. | | **MOTION TO PROHIBIT USE OF STUN BELT AT TRIAL** |
| **TYREESE D. PUGH**, | : | |
| | | Hearing Requested |
| Defendant. | : | |

The Defendant, Tyreese Pugh, through his undersigned attorney moves this Court to enter an order directing the United States Marshall from using any physical restraint, beyond the normal use of handcuffs, including the use of a "stun belt." The use of such restraints violate Mr. Pugh's Due Process rights, prejudice his right to a fair trial, and his Sixth Amendment right to Counsel by interfering with his right to consult with his attorney.

MEMORANDUM

Counsel has learned the United States Marshall Service plans to place a "stun belt" on Mr. Pugh during the trial of this case. Imposing a physical restraint on a criminal defendant during trial implicates a defendant's right to a fair and impartial trial. Physical restraints compromise the physical semblance of innocence; they may undermine the defendant's ability to participate in his own defense, and they impair the "dignity and decorum of the judicial process" itself. *Kennedy v. Cardwell*, 487 F.2d 101, 106 (6th Cir. 1973), cert. denied, 416 U.S. 959, 40 L. Ed. 2d 310, 94 S. Ct. 1976 (1974).

Tyreese Pugh has been in custody since his arrest in May 2002. He was present and participated in his defense during the first trial of this case without any security or discipline problem. During the pendency of the appeal, Tyreese remained in custody, with no disciplinary

1

problems.  With his conviction on these charges being reversed he is presumed innocent of the charges against him.  This presumption should extend to banning the use of restraints in court.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant a fair trial, an important component of which is the presumption of innocence.  See *Coffin v. United States* (1895), 156 U.S. 432, 453, 15 S. Ct. 394, 39 L. Ed. 481. The Sixth Amendment secures the defendant's right to confer with his counsel and to assist in his defense.

The placing of restraints upon a criminal defendant during his trial may significantly affect the jury's perception of the defendant, and may thus infringe upon the presumption of innocence, by stripping the defendant of the physical *indicia* of innocence.  Restraints also impede the defendant's ability, and thus implicate his Sixth Amendment right, to confer with his counsel and to assist in his defense.  The use of restraints may "affront * * * the very dignity and decorum of judicial proceedings that the judge [by imposing the restraints, was] seeking to uphold."  *Illinois v. Allen* (1970), 397 U.S. 337, 344, 90 S. Ct. 1057, 25 L. Ed. 2d 353.

Placing a stun belt on a defendant who is all too aware of the possible consequences of the belt's activation presents "a far more substantial risk of interfering with [his] Sixth Amendment right to confer with counsel than do leg shackles" and may further affect his right to be present at trial and to participate in his defense by providing "a considerable impediment to [his] ability to follow the proceedings and take an active interest in the presentation of his case." *United States v. Durham* (C.A. 11th , 2002), 287 F.3d 1297, 1305-1306.  Wearing a stun belt may lead to an "increase in anxiety" that may "materially impair and prejudicially affect" a defendant's ability, and thus his right, to testify on his own behalf.  *People v. Mar* (2002), 28 Cal.4th 1201, 1224, 124 Cal.Rptr.2d 161, 52 P.3d 95.

The decision to use restraints is committed to the sound discretion of the trial court. *Id*. at 343-344, 90 S. Ct. 1057. Because their use is an "inherently prejudicial practice, restraints may be employed only as a "last resort." and only when justified "by an essential state interest specific to each trial" *Holbrook v. Flynn* (1986), 475 U.S. 560, 568-569, 106 S. Ct. 1340, 89 L. Ed. 2d 525, *Illinois v. Allen*, 397 U.S. at 344, 90 S. Ct. 1057

While the United States Supreme Court has not addressed the use of a stun belt, the Sixth Circuit has. In *Kennedy*, the Sixth Circuit articulated four factors to be considered by a district court in its determination of whether to impose physical restraints on a defendant at trial. They are: (1) the defendant's record, his temperament, and the desperateness of his situation; (2) the state of both the courtroom and the courthouse; (3) the defendant's physical condition; and (4) whether there is a less prejudicial but adequate means of providing security. *Id*. at 110-11.

Courts subject the "decision to use a stun belt * * * to at least the same close judicial scrutiny required for the imposition of other physical restraints." *United States v. Durham*, 287 F.3d at 1306.[1] Application of the 4-part *Kennedy* inquiry with close scrutiny to the facts and circumstances of Tyreese Pugh leads to the conclusion use of the stun belt is improper and violates Mr. Pughs' Fifth and Sixth Amendment rights.

WHEREFORE, Tyreese Pugh respectfully requests the Court enter an order preventing the use of a "stun belt" in this matter. If this Court is not inclined to enter such an order pursuant to defendant's motion, Tyreese Pugh respectfully requests this Court conduct an evidentiary hearing to determine: (1) whether a stun belt is warranted and (2) if the belt will result in a

---

[1] *State v. Leonard*, 157 Ohio App. 3d 653, *; 2004 Ohio 3323, 813 N.E.2d 50 (1st Dist 2004)

violation of Mr. Pugh's constitutional rights.

        Respectfully submitted,

        **S/Ravert J. Clark**
        Ravert J. Clark, Esq.
        Attorney for Defendant
        114 East Eighth Street
        Suite 400
        Cincinnati, Ohio 45202
        (513) 587-2887
        Fax: (513) 621-2525
        E-mail: notguilty14@aol.com

## CERTIFICATE OF SERVICE

    I certify on November 11, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Anthony Springer and Amul Thapar, Assistant U.S. Attorneys, and William R. Gallagher, counsel for Walter M. Pugh.

        **S/Ravert J. Clark**
        Ravert J. Clark