**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Case No. CR-1-02-54** |
| | : | |
| **v.** | : | **District Judge David L. Bunning** |
| | : | |
| **Walter M. Pugh, Jr. &** | : | |
| **Tyreese D. Pugh** | : | |
| | : | |
| **Defendants** | : | |

---

**JURY INSTRUCTIONS**

**November 17, 2005**

# TABLE OF CONTENTS

| **TITLE** | **PAGE** |
|---|---|
| INTRODUCTION | 1 |
| JURORS' DUTIES | 2 |
| PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT | 3 |
| EVIDENCE DEFINED | 5 |
| OBJECTIONS | 6 |
| CONSIDERATION OF THE EVIDENCE | 7 |
| DIRECT AND CIRCUMSTANTIAL EVIDENCE | 8 |
| CREDIBILITY OF WITNESSES | 9 |
| NUMBER OF WITNESSES | 11 |
| SEPARATE CONSIDERATION - MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT CRIMES | 12 |
| INTRODUCTION TO SPECIFIC INSTRUCTIONS | 13 |
| INDICTMENT INSTRUCTIONS | 14 |
| CONSPIRACY TO COMMIT AN OFFENSE - BASIC ELEMENTS | 18 |
| AGREEMENT | 19 |
| DEFENDANT'S CONNECTION TO THE CONSPIRACY | 20 |
| OVERT ACTS | 22 |
| THE NATURE OF THE OFFENSE CHARGED IN COUNT 2 | 23 |
| THE STATUTE DEFINING THE OFFENSE CHARGED | 24 |

THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED . . . . . . . . . . . . . . . . . 25

"ASSAULTS ANY PERSON" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

"PUTS IN JEOPARDY THE LIFE OF ANY PERSON BY THE USE OF A
DANGEROUS WEAPON OR DEVICE" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

"BY FORCE AND VIOLENCE, OR BY INTIMIDATION" - DEFINED . . . . . . . . . . . . . 28

"CARE, CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION" - DEFINED . . 29

AIDING AND ABETTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

THE NATURE OF THE OFFENSES CHARGED IN COUNTS 3 AND 4 . . . . . . . . . . . 31

THE STATUTE DEFINING THE OFFENSE CHARGED . . . . . . . . . . . . . . . . . . . . . . . 32

THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED . . . . . . . . . . . . . . . . . 33

"USES OR CARRIES A FIREARM" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

DEFENSE THEORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

PRESENCE OF DEFENDANTS AT THE SCENE OF THE CRIME . . . . . . . . . . . . . . 36

INTRODUCTION TO SPECIAL RULES FOR CONSIDERING TESTIMONY
AND EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

DEFENDANTS DID NOT TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

TRANSCRIPT OF TAPE RECORDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT . . . . . . . . . . . . . . . . 40

INFERRING REQUIRED MENTAL STATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

JUDICIAL NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

JURY DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

EXPERIMENTS, RESEARCH, AND INVESTIGATION . . . . . . . . . . . . . . . . . . . . . . . . 44

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

FINAL INSTRUCTION ON HOW TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . 50

## INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law you must follow in deciding this case. I will start by explaining your duties as jurors and the general rules that apply in every criminal case. Next, I will explain the elements of the crimes that Defendants are charged with. Then, I will explain some rules that you must follow in evaluating particular testimony and evidence. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide whether the Government has proven each Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say.

Likewise, some of the witnesses may have talked about the law in their testimony. If what they said about the law is different from what I say, you must follow what I say. Again, what I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

As you know, Defendants have pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells Defendants what crimes they are accused of committing.

Instead, Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that they are guilty.

This means that Defendants have no obligation to present any evidence at all or to prove to you in any way that they are innocent. It is up to the Government to prove that they are guilty, and this burden stays on the Government from start to finish. You must find Defendants not guilty unless the Government convinces you beyond a reasonable doubt that they are guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proven Defendants guilty beyond a

3

reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that were admitted into evidence, and any stipulations that the Government and Defendants agreed to.

Nothing else is evidence. The lawyers' opening statements and closing arguments are not evidence. Neither are their questions and objections. Likewise, my rulings, comments, and questions are not evidence.

During the trial, I did not let you hear answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

5

## OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged. The lawyers objected to some of the things that were said or done during the trial. Do not hold that against any of the parties. The parties have a duty to object whenever they think that something is not permitted by the Rules of Evidence. Those rules are designed to ensure that all parties receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the Rules of Evidence, not on how I feel about the case. In the event that I sustained an objection and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider the evidence in light of your every day experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence presented in this case. The law makes no distinction between the weight that you should give to either one, and does not say that one type is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

8

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening and may make a mistake.

Ask yourself how good the witness' memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the Government or either Defendant, or anything to gain or lose from the case that might influence the witness' testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is

9

inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

Finally, ask yourself how believable the witness' testimony is in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

10

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the number of witnesses.

## SEPARATE CONSIDERATION - MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT CRIMES

Defendants have been charged with different crimes. I will explain to you in more detail shortly the particular crimes each Defendant has been charged with. But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to consider separately the evidence against each Defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the Government has presented proof beyond a reasonable doubt that a particular Defendant is guilty of a particular charge.

Your decision on any one Defendant or one charge, whether it is guilty or not guilty, should not influence your decision on the other Defendant or charges.

12

## INTRODUCTION TO SPECIFIC INSTRUCTIONS

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that Defendants are accused of committing.

But before I do that, I want to emphasize that Defendants are on trial only for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proven the crimes charged.

## INDICTMENT INSTRUCTION

Defendants, Walter M. Pugh, Jr. and Tyreese D. Pugh, are charged in this case on four counts.

An indictment is a document by which the Government informs a defendant of the charges that the Government intends to prove in a given criminal case. It is not evidence. The information contained in the Indictment should not be considered by you in determining the guilt or innocence of Defendants in this case. You should base your verdict solely on the evidence that you heard during this trial.

The Indictment in this case states the following:

### Count 1

Beginning on or about an exact date unknown, and continuing thereafter until and through on or about April 24, 2002, in Butler County, in the Southern District of Ohio, and elsewhere, Defendants, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH**, did willfully and knowingly combine, conspire, and agree together and with each other to commit an offense against the United States, that is: by force, violence and intimidation, take from the person and presence of another, money belonging to and in the care, custody, control, management and possession of the First National Bank of Southwestern Ohio, 2299 Peck Boulevard, Hamilton, Ohio (hereinafter referred to as "First National Bank"), the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense did assault and put in jeopardy the life of another person by the use of a dangerous weapon, to wit, a firearm, in violation of Title 18, United States Code, Sections 2113(a) and (d).

14

It was the purpose and object of the conspiracy that Defendants, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH**, did plan to and did travel to the First National Bank, enter and rob it, brandishing firearms and carrying a bag in which to carry money from the bank.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, there was committed, by at least one of the co-conspirators, in the Southern District of Ohio and elsewhere, at least one of the following overt acts, among others:

1. On or about April 24, 2002, **WALTER MEADE PUGH, JR.**, having borrowed a 1988 maroon Oldsmobile Cutlass Sierra from a relative, met **TYREESE DORRAN PUGH** in order to drive to and rob the First National Bank.

2. On April 24, 2002, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH** drove to the First National Bank for the purpose of robbing the bank.

3. On April 24, 2002, at approximately 2:30 p.m., **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH** entered the First National Bank and announced the robbery. At the time, **TYREESE DORRAN PUGH**, who was wearing a mask which partially covered his face, was holding a shotgun. **WALTER MEADE PUGH, JR.** was holding a long barreled revolver.

4. On April 24, 2002, upon entering the First National Bank, **WALTER MEADE PUGH, JR.** immediately jumped the teller counter, picked up a trash can, and ordered a victim teller to remove money from the drawers and place it in a trash can.

15

5.   On April 24, 2002, after obtaining money from the cash drawers, **WALTER MEADE PUGH, JR.** grabbed a victim teller by her left arm and forcibly led her to the bank's vault, pointing the long barreled revolver at her body. Once inside the vault, **WALTER MEADE PUGH, JR.** ordered the teller to place the money in the trash can until she was told to stop. Thereafter, he left the victim teller inside the vault and shut the inner door.

6.   On April 24, 2002, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH**, while in the First National Bank, took approximately $153,189.00 cash from several cash drawers and the vault and placed the money into a trash can.

7.   On April 24, 2002, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH**, fled the First National Bank with the trash can of money and entered a 1988 maroon Oldsmobile Cutlass Sierra.

8.   On April 24, 2002, following the bank robbery, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH** fled with the money stolen from the bank to Atlanta, Georgia, to avoid apprehension.

All in violation of Title 18, United States Code, Section 371.

### Count 2

On or about April 24, 2002, in Butler County, in the Southern District of Ohio, Defendants, **WALTER MEADE PUGH, JR.** and **TYREESE DORRAN PUGH**, aiding and abetting each other, did by force, violence and intimidation, take from the person and presence of another, approximately $153,189.00 in money belonging to and in the care,

custody, control, management and possession of the First National Bank of Southwestern Ohio, 2299 Peck Boulevard, Hamilton, Ohio, the deposits of which were then insured by the Federal Deposit Insurance Corporation; and in committing such offense did assault and put in jeopardy the life of another person by the use of a dangerous weapon, to wit, a firearm in violation of Title 18, United States Code, Section 2113(a), (d) and 2.

## Count 3

On or about April 24, 2002, in Butler County, in the Southern District of Ohio, the defendant, **WALTER MEADE PUGH, JR.**, did knowingly use, carry, and brandish a firearm, to wit: a long barreled revolver, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, armed robbery of the First National Bank of Southwestern Ohio, 2299 Peck Boulevard, Hamilton, Ohio in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## Count 4

On or about April 24, 2002, in Butler County, in the Southern District of Ohio, the defendant, **TYREESE DORRAN PUGH**, did knowingly use, carry, and brandish a firearm, to wit: a shotgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, armed robbery of the First National Bank of Southwestern Ohio, 2299 Peck Boulevard, Hamilton, Ohio in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## CONSPIRACY TO COMMIT AN OFFENSE - BASIC ELEMENTS

Count 1 of the Indictment charges Defendants with conspiracy to commit the crime of armed bank robbery in violation of federal law. The crime of armed bank robbery will be explained later in the instructions. However, it is also a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find either Defendant guilty of the conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

(1)     That two or more persons conspired, or agreed, to commit the crime of armed bank robbery;

(2)     That the Defendant in question knowingly and voluntarily joined the conspiracy; and

(3)     That a member of the conspiracy did at least one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find either Defendant guilty of the conspiracy charge.

18

## AGREEMENT

With regard to the first element - a criminal agreement - the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of bank robbery.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the Government has proved an agreement. But without more, they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of bank robbery. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## DEFENDANT'S CONNECTION TO THE CONSPIRACY

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that Defendants knowingly and voluntarily joined that agreement. You must consider each Defendant separately in this regard. To convict either Defendant, the Government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it, intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of a group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.   These are all things that you may consider in deciding whether the Government has proved that the Defendant in question joined a conspiracy.  But without more they are not enough.

What the Government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the

Government to convince you that such facts and circumstances existed in this particular case.

## OVERT ACTS

The third element that the Government must prove is that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

The Indictment lists eight (8) overt acts. The Government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the Government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

## THE NATURE OF THE OFFENSE CHARGED
## IN COUNT 2

Count 2 of the Indictment charges that on or about April 24, 2002, in the Southern District of Ohio, Defendants Walter Pugh and Tyreese Pugh, by force, violence, and intimidation, took from the person or presence of another certain monies then in the custody or possession of the First National Bank of Southwestern Ohio, which was then insured by the Federal Deposit Insurance Corporation and that, in committing this offense, Defendants Walter Pugh and Tyreese Pugh assaulted or put the life of another person in jeopardy by the use of a dangerous weapon or device.

## THE STATUTE DEFINING THE OFFENSE
## CHARGED

18 U.S.C.A. Section 2113(a) and (d) provide, in part, that:

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, ... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; [and] ... Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) ... of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, ..." shall be guilty of an offense against the United States.

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

In order to sustain its burden of proof against each Defendant for the crime of armed bank robbery as charged in Count 2 of the Indictment, the Government must prove the following four (4) essential elements beyond a reasonable doubt:

(1)   That the Defendant in question took money from the person or presence of another while that money was in the care, custody, or possession of the First National Bank of Southwestern Ohio;

(2)   That the taking was by force and violence, or by intimidation;

(3)   That the Defendant in question deliberately assaulted any person or put the life of any person in jeopardy by the use of a dangerous weapon or device while taking the money; and

(4)   That the deposits of the First National Bank of Southwestern Ohio were then insured by the Federal Deposit Insurance Corporation.

25

## "ASSAULTS ANY PERSON" - DEFINED

The phrase "assaults any person" means a deliberate attempt to inflict bodily harm or injury upon the person of another. The phrase "assaults any person" also means a threat to inflict bodily harm or injury upon the person of another when that attempt or that threat is coupled with an apparent present ability to do so.

An "assault" may be committed without actually touching, striking, or doing bodily harm to another. Any intentional display of such force that would give a person reason to fear or expect immediate bodily harm may constitute an "assault."

An individual, therefore, who has the apparent present ability to inflict bodily harm on another and voluntarily attempts to inflict bodily harm on that person may be found to have "assaulted" that person. Similarly, an individual who threatens to inflict bodily harm on another may also be found to have "assaulted" that person.

26

## "PUTS IN JEOPARDY THE LIFE OF ANY PERSON BY THE USE OF A DANGEROUS WEAPON OR DEVICE" - DEFINED

The phrase "puts in jeopardy the life of any person" means knowingly to do an act which exposes a person to a risk of death.

The term "dangerous weapon or device" means any object that can be used by one person to inflict severe bodily harm or injury upon another person.

"Puts in jeopardy the life of any person by the use of a dangerous weapon or device" means, therefore, to expose a person to a risk of death or severe bodily harm by the use of a weapon or device that is capable of inflicting death or severe bodily harm.

27

## "BY FORCE AND VIOLENCE, OR BY INTIMIDATION" - DEFINED

The phrase "by force and violence, or by intimidation" means by either: 1) the use of actual physical strength or actual physical violence, or 2) doing some act or making some statement to put someone in fear of bodily harm.

The "intimidation" must be caused by an act knowingly and deliberately done, or statement knowingly and deliberately made by the Defendant in question, which was done or made in such a manner or under such circumstances that would produce such a reaction or such fear of bodily harm in a reasonable person. The Government need not prove actual fear on the part of any person.

The Government must prove beyond a reasonable doubt, however, that the Defendant in question knowingly and deliberately did something or knowingly and deliberately said something that would cause a reasonable person under those circumstances to be fearful of bodily harm.

28

## "CARE, CUSTODY, CONTROL, MANAGEMENT, OR POSSESSION" - DEFINED

The phrase "care, custody, control, management, or possession" refers to money or funds that are physically within the bank or within its power to control. When a bank holds the money that has been deposited by its customers, for example, the bank may be said to have "care, custody, control, management, or possession" of those funds.

29

## AIDING AND ABETTING

For you to find either Defendant guilty of armed bank robbery, it is not necessary for you to find that he personally committed the crime himself. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find either Defendant guilty of armed bank robbery as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(1)   That the crime of armed bank robbery was committed;

(2)   That the Defendant in question helped to commit the crime; and

(3)   That the Defendant in question intended to help commit the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more it is not enough.

What the Government must prove is that the Defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the Government has proved these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant in question guilty of armed bank robbery as an aider and abettor.

30

**THE NATURE OF THE OFFENSES CHARGED
IN COUNTS 3 AND 4**

Count 3 of the Indictment charges that on or about April 24, 2002, within the Southern District of Ohio, Defendant Walter Pugh used or carried a firearm, namely, a long-barreled revolver, during and in relation to the commission of a crime of violence, namely, armed bank robbery.

Count 4 of the Indictment charges that on or about April 24, 2002, within the Southern District of Ohio, Defendant Tyreese Pugh used or carried a firearm, namely, a shotgun, during and in relation to the commission of a crime of violence, namely, armed bank robbery.

## THE STATUTE DEFINING THE OFFENSE
## CHARGED

Section 924(c) of Title 18 of the United States Code provides, in pertinent part,

"Whoever, during and in relation to any crime of violence ... , uses or carries a firearm, shall

..." be guilty of an offense against the United States.

32

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a crime of violence, as charged in Counts 3 and 4 of the Indictment, the Government must prove the following two (2) essential elements beyond a reasonable doubt:

(1)     That the Defendant in question committed the crime of armed bank robbery as charged in Count 2 of the Indictment; and

(2)     That during, and in relation to, the commission of that crime, the Defendant in question knowingly used or carried a firearm.

## "USES OR CARRIES A FIREARM" - DEFINED

The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime alleged in Count 2 of the Indictment.

In determining whether either Defendant Walter Pugh or Defendant Tyreese Pugh used or carried a firearm, you may consider all the factors received into evidence in the case, including the nature of the underlying crime of violence alleged, the proximity of the particular Defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

The Government is not required to show that the Defendant in question actually displayed or fired the weapon. The Government is required, however, to prove beyond a reasonable doubt that the firearm was in the Defendant's possession or under the Defendant's control at the time a crime of violence was committed.

34

## DEFENSE THEORY

That concludes the part of the instructions explaining the elements of the crime. Next I will explain Defendants' position. Defendants claim that they were not present at the bank at the time of the robbery, and that the robbery was committed by other individuals.

## PRESENCE OF DEFENDANTS AT THE
## SCENE OF THE CRIME

One of the questions in this case is whether Defendants were present at the bank at the time of the robbery.

In order to find Defendant Tyreese Pugh guilty, the Government must prove that he was present at the time and place in question. Unless the Government proves beyond a reasonable doubt that Defendant Tyreese Pugh was present at the bank at the time of the robbery, you must find him not guilty.

In order to find Defendant Walter Pugh guilty, the Government must prove that he was present at the time and place in question. Unless the Government proves beyond a reasonable doubt that Defendant Walter Pugh was present at the bank at the time of the robbery, you must find him not guilty.

36

## INTRODUCTION TO SPECIAL RULES FOR
## CONSIDERING TESTIMONY AND EVIDENCE

That concludes that part of the instructions explaining Defendants' position. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## DEFENDANTS DID NOT TESTIFY

Defendants have an absolute right not to testify. The fact that Defendants did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove Defendants guilty beyond a reasonable doubt. It is not up to Defendants to prove that they are innocent.

## TRANSCRIPT OF TAPE RECORDING

You have heard a tape recording that was received into evidence, and you viewed the transcript of the recording to aid in your listening.

Keep in mind that the transcript you viewed is not evidence. It was shown to you only as a guide to help you follow what was being said. The tape itself is the evidence. If there was a discrepancy between what you heard on the tape and what you read on the screen, you must rely on what you heard rather than what you read. And if you could not hear or understand certain parts of the tape, you must ignore the transcript as far as those parts are concerned.

## IMPEACHMENT OF A WITNESS OTHER
## THAN DEFENDANT

You have heard the testimony of Ra-Shay Patterson and Shanell Holston. Further,

you have heard that, before this trial, both witnesses were convicted of crimes.

This evidence was brought to your attention only as one way of helping you decide

how believable their testimony was. Do not use it for any other purpose. It is not evidence

of anything else.

## INFERRING REQUIRED MENTAL STATE

Ordinarily, a defendant's state of mind cannot be proven directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proven indirectly from the surrounding circumstances. Those circumstances include things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## JUDICIAL NOTICE

I have decided to accept as proved the fact that Butler County is in the Southern District of Ohio, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

## JURY DELIBERATIONS

Let me finish by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer, who will give them to me, and I will respond as soon as I can. I may have to confer with the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

43

## EXPERIMENTS, RESEARCH, AND INVESTIGATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial. Make your decision based only on the evidence that you have heard and seen here in court.

44

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous. To find either Defendant guilty of any charge, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves that Defendant's guilt beyond a reasonable doubt.

To find either Defendant not guilty of any charge, every one of you must agree that the Government has failed to convince you of his guilt beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Once the closing arguments of the Government and Defendants are complete, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to resolve your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently or just to get the case over with. In the end, your vote must be exactly that - your own vote. It is important for you to reach a unanimous agreement, but only if you can do so honestly and in good conscience.

You were permitted to take notes during the trial, and you will be able to take these notes with you into your deliberations. Remember that notes should only be used to refresh the recollection of the juror who took them. You should not use your notes in jury deliberations to prove to other jurors that your notes are in fact what a witness actually said; it is only your impression of what the witness said. We depend on the judgment of all members of the jury; you all are responsible for remembering the evidence in this case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what everyone else has to say, and then decide for yourself if the Government has proven Defendants guilty beyond a reasonable doubt.

46

## PUNISHMENT

If you decide that the Government has proven either Defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to consider the possible punishment in reaching your verdict. Your job is to look at the evidence and decide if the Government has proven each Defendant guilty beyond a reasonable doubt.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. I will read the form to you in a moment. If you decide that the Government has proven a charge against one of the Defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proven a charge against one of the Defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Once you have decided each Defendant's guilt or innocence on each charge, your foreperson should then sign and date the verdict form in the places indicated. You should then inform the jury officer that you have reached a verdict.

48

## COURT HAS NO OPINION

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide for yourselves if the Government has proven Defendants guilty beyond a reasonable doubt.

## FINAL INSTRUCTION ON HOW TO DELIBERATE

You will now retire to the jury room to begin your deliberations. Before you do, however, I would like to give you a few practical instructions regarding how you should conduct your deliberations.

When you retire to the jury room, the first thing that you should do is to select a foreperson. This person will be your spokesperson here in the courtroom. Also, all twelve (12) of you must be present in the jury room when you are deliberating.

With that, I will send you back to the jury room to begin your deliberations.