UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNTIED STATES OF AMERICA**<br>**Plaintiff,**<br><br>vs.<br><br>**WALTER PUGH**<br>**TYREESE PUGH,**<br>**Defendants.** | **CASE NO. 1:02-CR-54**<br>**(Judge Bunning for Judge Dlott)**<br><br>**OPINION AND ORDER** |

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

### Introduction

This matter is before the Court upon identical motions to vacate convictions filed *pro se* by Defendants Walter and Tyreese Pugh. (Docs. # 149 & 150). The government has moved to strike the motions to vacate and alternatively, filed its written response in opposition (Doc. # 152). Therefore, the motions are now ripe for review.

### Analysis

I.  **Government's Motion to Strike**

The Court will first address the government's motion to strike. The government objects to the defendants' *pro se* motions because they are represented by counsel. In support of its argument, the government cites *United States v. Agofsky*, for the proposition that "there is no constitutional or statutory right to simultaneously proceed *pro se* and with the benefit of counsel." 20 F.3d 866, 872 (8th Cir. 1994). While it is true that "[g]enerally it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel" *United States v. Blum*, 65 F.3d 1436, 1434 n. 2 (8th Cir. 1995), there is no "explicit rule barring *pro se* filings by represented parties." *Agofsky*, 20 F.3d at 872.

1

In felony criminal cases, such as this one, a defendant has a "constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself." *United States v. Mosley,* 810 F.2d 93, 97 (6th Cir. 1987), *cert. denied,* 484 U.S. 841 (1987) (citing *Faretta v. California,* 422 U.S. 806 (1975)). Neither 28 U.S.C. § 1654[1] nor the Sixth Amendment, however, guarantees the right to assert both the right to self-representation and the right to counsel at the same time--*i.e.*, there is no statutory or constitutional right to "hybrid representation." *Mosley,* 810 F.2d at 97-98; *see also Jones v. Bradshaw,* 326 F.Supp.2d 857 (N.D. Ohio 2004).

While there is certainly ample authority within the Sixth Circuit and elsewhere to strike the *pro se* pleadings of Walter and Tyreese Pugh on the ground that they have competent counsel who are representing their respective interests, for completeness sake the Court will overlook this threshold procedural issue in order to address the propriety of Defendants' motions.

## II.    Defendants' Motion to Vacate

In their motions, Defendants argue that newly discovered evidence warrants that their convictions be vacated and they receive a new trial. Although it is unclear from their filings what the newly discovered evidence is, it appears to be evidence of perjury relating to statements taken from Shellee Luster.[2] Amazingly, Defendants argue that their Sixth Amendment right to confront witnesses was violated because they were not given an

---

[1] 28 U.S.C. § 1654 provides "[i]n all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added).

[2] It was the admission during the prior trial of Shellee Luster's out-of-court identification (through Detective Calhoun's testimony) of the Pughs as the perpetrators of the bank robbery which lead to the reversal and retrial.

2

"opportunity to cross examine Shellee Luster's out of court [statement] identifying him." Because they were deprived of that opportunity, they argue the Court did not comply with the Sixth Circuit's mandate which, according to them, required that they be given the chance to cross examine Shellee Luster.

The government argues that the motions to vacate and obtain a new trial should be denied as untimely. The Court agrees. Pursuant to Rule 33(b)(2), Federal Rules of Criminal Procedure, defendants may file post-trial motions for a new trial "within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." *See also United States v. Koehler*, 24 F.3d 867 (6th Cir. 1994), *cert. denied*, 513 U.S. 1077 (1995). In the alternative, defendants may file motions based upon "newly discovered evidence" within 3 years of the verdict. Fed. R. Crim. P. 33(b)(1).

Other than reiterating that they have a right to confront Shellee Luster, neither defendant specifies what newly discovered evidence they have which warrants a new trial. "Newly discovered evidence" is evidence that is discovered after trial and could not have been discovered earlier without due diligence. *See United States v. Willis*, 257 F.3d 636, 642 (6th Cir. 2001) (citations omitted); *Koehler*, 24 F.3d at 869 (holding that evidence of which the defendant was aware at the time of trial is not "newly discovered" for the timing rules of Rule 33, and thus, district court "lacked jurisdiction to consider it on the merits").

In this case, the defendants were well aware of Shellee Luster's out-of-court identification of them prior to the November, 2005 trial. In fact, it was the admission of that statement which lead to their convictions being reversed in the first place. *See United States v. Pugh*, 405 F.3d 390, 397-98 (6th Cir. 2005). Thus, any evidence relating to Shellee Luster's statements and/or identification of them was not "newly discovered

3

evidence" for purposes of Rule 33. Therefore, the defendants had to file their motion within 7 days of the verdict.

The jury found the defendants guilty on November 18, 2005 (Doc. # 145). Defendant Walter Pugh filed his motion to vacate on December 6, 2005 and Defendant Tyreese Pugh filed his motion on December 7, 2005. Both motions are thus untimely, and the Court lacks jurisdiction to adjudicate them. *See United States v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001), *cert. denied*, 535 U.S. 977 (2002) ("For a district court to have jurisdiction over a motion made under Rule 29 or Rule 33, the movant must comply with the seven-day period of the rules.").

However, even if the Court were to consider the motions on the merits, Defendants are entitled to no relief. Defendants seem to have misconstrued the Sixth Circuit's decision reversing their convictions and remanding for new trial. Their convictions were reversed because the government in the first trial admitted the inculpatory statements of a non-testifying witness (Shellee Luster) through another witness (Detective Calhoun) in violation of *Crawford v. Washington*, 541 U.S. 36 (2004). Despite their arguments to the contrary, the Sixth Circuit's mandate did not require that the government call Shellee Luster as a witness during the retrial. To the contrary, the opinion merely held that the government should not have been permitted to use the out of court identification of them by Luster in bank surveillance photos. The law of the case dictated that any statements and/or identifications by Shellee Luster would be inadmissible as violative of their Sixth Amendment rights unless she were called as a witness. Because she was not called as a witness during the retrial, there was no Sixth Amendment violation.

4

One final matter deserves brief comment. Although both defendants indicate they told their attorneys they wanted to face Shellee Luster during the retrial, given the substances of her prior identification of them as the bank robbers, which was not made known to the jury, calling her as a defense witness would have been a terrible tactical decision. This is especially true in a case where identification of the bank robbers was paramount, as was the case herein.

### III. Conclusion

For the reasons stated herein,

**IT IS ORDERED** that the Defendants' *pro se* motions to vacate convictions (Docs. # 149 & 150), be, and are hereby **denied**;

**IT IS FURTHER ORDERED** that the government's motion to strike the motions to vacate (Doc. # 152) be, and is hereby **denied**.

This 14th day of February, 2006.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\US.SDOH\Pugh\54-Order-Response Mtn to Vacate.wpd