IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:02-cr-00054 |
| v. | : Judge Jeffery P. Hopkins |
| TYREESE DORRAN PUGH, | : |
| *Defendant.* | : |

# ORDER

This matter is before the Court on Defendant Tyreese Dorran Pugh's Unopposed Motion for Revocation of Probation (Doc. 232) and Unopposed Motion for Early Termination of Supervised Release (the "Motions").[1] Doc. 233. On March 9, 2006, Defendant was sentenced to a term of imprisonment of 221 months and 60 months of supervised release. Doc. 169. Defendant now asks the Court to terminate the remaining balance of the term of supervised release on the basis that he has not violated any conditions of his release, has maintained gainful employment, has actively paid his fines and restitution in a timely fashion, and has otherwise been a law-abiding citizen. Doc. 232, 233. The Government does not oppose these Motions. Doc. 234. For the reasons set forth below, Defendant's Motions are **GRANTED.**

    I.      **LAW & ANALYSIS**

---

[1] The Court has construed both of Mr. Pugh's Motions as a single motion for termination of supervised release because Mr. Pugh was sentenced to a term of supervised release, not probation.

If a defendant has surpassed one year on supervised release, 18 U.S.C. § 3583(e)(1) provides that the district court may, after considering the factors set forth in 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Along those same lines, the Sixth Circuit acknowledged in *United States v. Atkin* that "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

The applicable factors as set forth in § 3553 warrant early termination in this case.[2] Admittedly, the nature and circumstances of the offense and the history and characteristics of Defendant weigh in favor of continued supervision. *See* 18 U.S.C. § 3553(a)(1). Alongside his father, Mr. Pugh brandished weapons and forcefully took more than $150,000 from the First National Bank of Southwestern Ohio in an episode of armed bank robbery that traumatized one of the tellers. As demonstrated by his lengthy criminal history, Mr. Pugh also has several prior convictions for assault, theft, robbery, and drug trafficking. On March 9, 2006, this Court ultimately sentenced Defendant to 221 months, five years of supervised release, and restitution in the amount of $153,189. Doc. 169.

The next several factors, however, weigh in support of early termination. Supervision of Mr. Pugh commenced on September 22, 2021. Since then, Mr. Pugh has served over three

---

[2] In adjudging Defendant's Motions, the Court has also relied on two unofficial copies of documents provided by the Probation Office of the Southern District of Ohio: (1) an undated presentence report, and (2) a sentencing memorandum dated to November 9, 2004. Due to the age of the case, such documents were not filed electronically on the docket. Nonetheless, the Court sees no reason to doubt the findings and conclusions of either document and will proceed to rely on the documents in assessing the merits of Defendant's Motions.

years of supervised release, making him statutorily eligible to seek termination of his term of supervised release. He has maintained gainful employment, continues to make monthly payments towards restitution, has consistently tested negative on drug screens, and has otherwise abided by the terms and conditions of his supervision.[3] Doc. 234, PageID 2921. Mr. Pugh contends that he has become a "positive pillar to [himself] and those around [him]." Doc. 233, PageID 2920. He "attend[s] Church on Sundays … [and] take[s] care of [his] stepchildren" *Id*. He represents that he wishes to "focus on [his] family, [his] job, and becoming a better man in every aspect of [his] life." *Id*.

It suffices to say that Mr. Pugh has become adequately deterred from engaging in future criminal conduct. 18 U.S.C. § 3582(a)(2)(B). The very public that this Court must be mindful of to protect from the future crimes of a defendant is the same public that Mr. Pugh now lives in, works among, and meaningfully contributes to as a "positive pillar." *Id*. at (a)(2)(C). That Mr. Pugh has maintained gainful and full-time employment over the past few years also defeats the need for supervision or continued provision of employment training. *Id*. at (a)(2)(D).

Beyond the consideration of these and the remaining applicable § 3553(a) factors, the Court has also considered whether early termination is warranted by Mr. Pugh's behavior and in the interest of justice. The Court finds that it is. Mr. Pugh has expressed a willingness to transform his life, and importantly, brings the proof along with to show it. That he has maintained gainful employment, is now responsible for his stepchildren, continues to make monthly restitution payments, and has consistently tested negative on drug screens reflects a

---

[3] The Court is aware of a technical violation of the terms of Mr. Pugh's release that occurred in 2022. However, this Court previously concurred with the recommendation of the Probation Officer that no further action should be taken against Mr. Pugh because of the lack of culpable conduct associated with that violation. Doc. 230.

prioritization of his own betterment and a rebuke of his former criminal acts. Doc. 233. Mr. Pugh has demonstrated conduct that "warrant[s]" the termination of supervised release, 18 U.S.C. § 3583(e)(1), so much so that even the Government does not oppose either of the Motions present before the Court. Doc. 234. These are the "changed circumstances" so envisioned by this Court in following the guidance of other decisions in this circuit in determining whether to terminate Mr. Pugh's term of supervised release. *See, e.g.*, *United States v. Brown*, No. 3:10-CR-418, 2021 WL 2324676, at *1 (N.D. Ohio June 2, 2021) (considering a defendant's "employment and being a father to his child" in granting a motion for early termination of supervised release, even where the defendant "committed a very serious crime"); *United States v. Warren*, No. 3:89-CR-787-1, 2019 WL 6251471, at *2 (N.D. Ohio Nov. 22, 2019) (noting the defendant's "quick and successful reintegration to [his] community" and the defendant's employment in "a stable and important job" in granting a motion for early termination); *United States v. Petaway*, No. 3:93-CR-746, 2021 WL 2324678, at *1 (N.D. Ohio June 3, 2021) (citing to the defendant's "gainful[] employ[ment]" in granting a motion for early termination).

As the court in *Brown* stated, "[i]n a word, imprisonment and supervised release appear to have served their ultimate purposes – namely, to cause an offender, even where he has committed a very serious crime – to return to society as a productive and law-abiding citizen. To continue him on supervised release at this point appears to serve very little purpose except to underscore abhorrence about his crime." 2021 WL 2324676, at *1. Thus, early termination is in the interest of justice.

II. **CONCLUSION**

4

For these reasons, Defendant Tyreese Dorran Pugh's Unopposed Motion for Revocation of Probation (Doc. 232) and Unopposed Motion for Early Termination of Supervised Release (Doc. 233) are hereby **GRANTED**. Mr. Pugh shall be terminated, successfully and immediately, from his supervision and discharged from that supervision, forthwith.

**IT IS SO ORDERED.**

January 7, 2025

Jeffery P. Hopkins
United States District Judge